NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 24, 2010*
Decided March 31, 2010

Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| **No**. 09-3395 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | No. 06-CR-273 C.N. Clevert, Jr., *Chief Judge*. |
| JON BARTLETT, *Defendant-Appellant*. | |

**Order**

We affirmed Jon Bartlett's conviction, 567 F.3d 901 (7th Cir. 2009), but remanded for resentencing because we were not sure whether the district judge knew that his sentence of 208 months exceeded the range of 151 to 188 months under the Sentencing Guidelines. On remand, the judge again imposed a sentence of 208 months' imprisonment.

Our opinion concluded that "a 208-month sentence is reasonable substantively"

_____

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

(567 F.3d at 910); our only concern was whether the district judge misunderstood the relation between his sentence and the Guidelines. On remand, the judge told us that he fully understood (and understands) that relation.

Bartlett contends on this second appeal that his range should have been 41 to 51 months rather than 151 to 188 months. He made the same argument on his initial appeal, and we rejected it. True we did not discuss the contention, but we did say this:

> Bartlett [and his co-defendants] present twelve appellate issues. Only four require discussion. The rest have been considered, and we reject them without comment.

567 F.3d at 905. That decision is the law of the case. Appellate courts need not address all issues at length; this one did not occasion discussion in 2009 and still does not. Bartlett's argument is no stronger now than it was last year.

AFFIRMED